# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 00-30836
(Summary Calendar)

MARY L. MALAKOFF,

                                                            Plaintiff-Appellant,

versus

ALTON OCHSNER MEDICAL FOUNDATION,

                                                            Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(99:-CV-3603-I)

April 16, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mary L. Malakoff ("Malakoff") appeals the district court's grant of summary judgment on her claim against Alton Ochsner Medical Foundation ("Ochsner") under the Rehabilitation Act of 1973 ("the Rehabilitation Act"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 1998, Ochsner appointed Malakoff to be an intern to continue her study of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

psychiatry. In December 1998, Ochsner terminated Malakoff's internship because of her poor performance.

Malakoff then sued Ochsner, claiming that she had performed unsatisfactorily because of a hearing disability and that Ochsner had failed to grant her requests for accommodations. Malakoff asserted claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Louisiana Employment Discrimination Law. She also asserted breach of contract and intentional infliction of emotional distress claims.

Ochsner moved to dismiss Malakoff's discrimination claims, arguing that she had failed to exhaust administrative remedies and to timely file her ADA claims with the Equal Employment Opportunity Commission. Ochsner also sought dismissal of the breach of contract and emotional distress claims. Ochsner brought its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, alternatively, under Fed. R. Civ. P. 56.

The district court granted Ochsner's alternative motion for summary judgment as to all of Malakoff's claims. Regarding the Rehabilitation Act claim, the only claim relevant to this appeal, the district court found that because Malakoff failed to exhaust her administrative remedies, her claim was barred. Malakoff now appeals the district court's ruling with respect to her Rehabilitation Act claim.

DISCUSSION

Malakoff presents as the sole issue for review "whether a disabled participant in a private institution's program or activity receiving federal financial assistance must first exhaust her administrative remedies" under the Rehabilitation Act. She argues, in this appeal, that she was not required to exhaust administrative remedies before bringing her claim. However, she did not raise

2

this issue before the district court. In fact, in her memorandum in opposition to Ochsner's motion to dismiss, Malakoff instead argued that she had exhausted the administrative remedies offered by the Accreditation Council for Graduate Medical Education, which governs Ochsner. She further argued that the administrative procedures that Ochsner claimed that she should have followed "would be both time consuming and non-productive."

Generally, we do not consider issues raised for the first time on appeal. See Texas v. United States, 730 F.2d 339, 358 n.35 (5th Cir. 1984). "The decision whether to apply the general rule is, however, within our discretion, and it is a matter to be determined on a case-by-case basis." Id. We have stated that we will not consider issues raised for the first time on appeal "unless the issue can be resolved as a matter of law and unless failure to do so would result in grave injustice." Hogue v. United Olympic Life Ins. Co., 39 F.3d 98, 102 (5th Cir. 1995).

We do not find that this is an appropriate case in which to depart from the general rule because Malakoff had ample opportunity to argue to the district court that she was not required by law to exhaust her administrative remedies under the Rehabilitation Act but chose instead to argue that she had exhausted some administrative remedies.[1] Thus, although the issue is purely legal, it cannot be said that "grave injustice" will result if we do not consider it. Therefore, because Malakoff failed to argue to the district court that she was not legally required to exhaust her administrative remedies under the Rehabilitation Act, the issue was not properly preserved. Accordingly, we will

---

[1]Even if Malakoff had preserved this issue, her arguments are without merit because we have held that a plaintiff must exhaust her administrative remedies before bringing a claim under section 504 of the Rehabilitation Act, 29 U.S.C. 794. See Prewitt v. United States Postal Serv., 662 F.2d 292, 303-04 (5th Cir. 1981) ("read[ing] the exhaustion of administrative remedies requirement of section 501 [of the Rehabilitation Act] into the private remedy recognized by both section 501 and section 504 for federal government handicap discrimination").

not consider her appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment on

Malakoff's Rehabilitation Act claim.

AFFIRMED.